NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUZANNE JEAN MCCRORY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1308

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01221-DAT, Judge David A. Tapp.

---

Decided:  August 5, 2025

---

SUZANNE JEAN MCCRORY, Mamaroneck, NY, pro se.

TANNER STROMSNES, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ELLEN PAGE DELSOLE, BRUCE R. ELLISEN, DOUGLAS CAMPBELL RENNIE.

---

Before LOURIE, PROST, and STOLL, *Circuit Judges.*

PER CURIAM.

Suzanne McCrory appeals from the decision of the U.S. Court of Federal Claims dismissing her complaint for lack of jurisdiction. *McCrory v. United States*, 174 Fed. Cl. 311 (2024) ("*Decision*").  For the following reasons, we affirm.

## BACKGROUND

Ms. McCrory is a former auditor and, as a pro se plaintiff, a frequent patron of the Whistleblower Office ("WBO") of the Internal Revenue Service ("IRS").  S.A. 17.[1]  She has submitted approximately 600 whistleblower claims since 2014.  S.A. 18.  This case involves one such claim that resulted in the recovery of an approximately $180,000 tax deficiency.  S.A. 20–21.  Under 26 U.S.C. § 7623, the WBO recommended paying Ms. McCrory one percent of the recovered amount as a discretionary award.  Ms. McCrory challenged the award, first in the U.S. Tax Court, and then in the Court of Federal Claims.  *Decision*, 174 Fed. Cl. at 312–13.  In both courts, Ms. McCrory argued that the WBO incorrectly applied § 7623's implementing regulations in awarding her one percent when she should have been entitled to at least fifteen percent of the recovered amount. S.A. 36.

In the Tax Court, the Commissioner of Internal Revenue moved for summary judgment based on the amount of proceeds in dispute in Ms. McCrory's claim falling beneath the $2,000,000 threshold required by § 7623(b)(5)(B). *McCrory v. Comm'r*, 2024 WL 2783168, at *1 (T.C. May 30, 2024).  The Tax Court granted the Commissioner's motion, concluding there could be no award under § 7623(b) due to the failure to meet the monetary threshold.  *Id.* at *4.

Opting not to appeal the Tax Court's decision, Ms. McCrory filed a complaint with the Court of Federal Claims, alleging damages for the claimed underpayment of

---

[1]  "S.A." refers to the supplemental appendix included with the government's informal brief.

her whistleblower award under § 7623(a).    S.A. 9–36.
Ms. McCrory argued that IRS regulations, 26 C.F.R.
§ 301.7623-1–4, were "money-mandating" and therefore
the Court of Federal Claims had jurisdiction under the
Tucker Act to hear her suit.  S.A. 10–11, 17.  The Court of
Federal Claims concluded that it lacked jurisdiction be-
cause neither § 7623(a) nor its implementing regulations
are money-mandating.  *Decision*, 174 Fed. Cl. at 314–15.

Ms. McCrory appealed the decision of the Court of Fed-
eral Claims.    We have jurisdiction under 28 U.S.C.
§ 1295(a)(3).

## DISCUSSION

We review de novo whether the Court of Federal
Claims properly dismissed a complaint for lack of jurisdic-
tion.    *Frazer v. United States*, 288 F.3d 1347, 1351
(Fed. Cir. 2002).

Relevant to this appeal, Ms. McCrory asserts that IRS
regulations, and specifically 26 C.F.R. § 301.7623-4, are
money-mandating and thus provide a basis for reviewing
her § 7623(a) award under the Tucker Act.  Appellant's In-
formal Br. 4–6.  According to Ms. McCrory, this is because
the regulations use non-discretionary language and use the
same methodology and fixed percentages as those for stat-
utory awards under § 7623(a) and (b).  *Id.* at 4–5.  The
Court of Federal Claims determined that the regulations
are not money-mandating because § 7623(a) and its imple-
menting regulations are discretionary.  *Decision*, 174 Fed.
Cl. at 314.  We agree with the Court of Federal Claims.

Section 7623 of the Internal Revenue Code, which re-
sides in Title 26 of the U.S. Code, includes subsections (a)
and (b).  Subsection (a) recites that the Secretary of the
Treasury "is authorized to pay such sums as he deems nec-
essary for . . . detecting underpayments of tax."  26 U.S.C.
§ 7623(a).    Subsection (b) recites that a whistleblower
"shall, subject to paragraph (2), receive as an award at

least 15 percent but not more than 30 percent of the proceeds collected as a result of the action." 26 U.S.C. § 7623(b)(1). Importantly, subsection (b) applies only if "the proceeds in dispute exceed $2,000,000." *See* 26 U.S.C. § 7623(b)(5).

The basis of Ms. McCrory's claimed award is § 7623(a). *See, e.g.*, S.A. 51–52, 58 (Ms. McCrory referring to her "instant 7623(a) claim"). As courts and the IRS have long recognized, § 7623(a) provides discretionary authority to issue awards, whereas § 7623(b) *requires* the payment of awards when certain conditions are met, such as the $2,000,000 proceeds-in-dispute threshold. *Rogers v. Comm'r*, 157 T.C. 20, 26 (2021); *see also* Awards for Information Relating to Detecting Underpayments of Tax or Violations of the Internal Revenue Laws, 79 Fed. Reg. 47246, 47248 (Aug. 12, 2014) ("Under section 7623(a), the Secretary possesses the discretionary authority to pay awards . . . . Section 7623(b) further requires the payment of awards to individuals in certain circumstances."). Indeed, Ms. McCrory admits that § 7623(a) does not "impose[] monetary liability." Informal Reply Br. 8. Ms. McCrory instead argues that the 2014 promulgation of 26 C.F.R. § 301.7623-1–4 transformed § 7623(a) to become money-mandating. Informal Reply Br. 12.

Ms. McCrory's argument, however, is inconsistent with the statute's language. As the Court of Federal Claims concluded, the statutory text "plainly involve[s] discretion." *Decision*, 174 Fed. Cl. at 314. Ms. McCrory even appears to acknowledge the applicability of *Doe v. United States*, 153 Fed. Cl. 629, 636 (2021), which was decided after the current version of regulations had been promulgated and confirmed that "[s]ection 7623(a) and its implementing regulations at 26 C.F.R. § 301.7623-1, *et seq.*, are discretionary and not money-mandating." Appellant's Informal Br. 10–11. There is no statutory entitlement to monetary damages under § 7623(a).

Nor do we read the regulations to bestow a right to monetary damages based on § 7623(a) that goes so plainly against the discretionary nature of § 7623(a) claims. "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (alteration in original); *see also Decision*, 174 Fed. Cl. at 313. Ms. McCrory has not shown what duty, if violated, would entitle her to money damages. The regulation's provision for the WBO to "pay all awards under section 7623(a)" does not contradict the discretionary nature outlined by the statute, which imposes no requirement that any award be issued at all. 26 C.F.R. § 301.7623-4.

Further, the regulation's provision for the WBO to "pay all awards under section 7623(a)" but to "*determine* and pay all awards under section 7623(b)" reflects the differing treatment of § 7623(a) and (b) claims. 26 C.F.R. § 301.7623-4 (emphasis added). Contrary to Ms. McCrory's arguments, § 7623(a) and (b) are not treated with "identical methodology." Appellant's Informal Br. 5. To do so would be inconsistent with the statute, the implementing regulations, and the IRS's guidance. *See* 79 Fed. Reg. at 47260 ("Treasury and the IRS determined that starting the award determination at 15 percent merely reflects the fact that the claim has met the threshold requirements for an award under section 7623(b).").

In sum, because § 7623(a) and its implementing regulations are not money-mandating, the Court of Federal Claims correctly concluded that it lacks jurisdiction to review Ms. McCrory's § 7623(a) claim.[2]

---

[2] Because Ms. McCrory's case is premised on § 7623(a) being money-mandating, an argument that we

CONCLUSION

We have considered Ms. McCrory's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.

---

reject, Ms. McCrory's appeal fails. Moreover, we do not find persuasive Ms. McCrory's argument that there can be no displacement of the Tucker Act if the Tax Court has no jurisdiction over § 7623(a) claims. Informal Reply Br. 6–9. Congress created a specific statutory scheme in § 7623 that provides for judicial review in the Tax Court for certain claims, thus excluding relief under the general terms of the Tucker Act. *See United States v. Bormes*, 568 U.S. 6, 18–19 (2012). That § 7623(a) claimants may be left without recourse to judicial review (e.g., those not satisfying the § 7623(b)(5) thresholds) is no barrier to such preemption. *See Hinck v. United States*, 550 U.S. 501, 509 (2007), *aff'g*, 446 F.3d 1307, 1316 (Fed. Cir. 2006) ("To the extent that the statute provides no recourse for [claimants] who [do not satisfy the threshold], that result was contemplated by Congress.").